Pjíaksou, J.

The hill contains an allegation that the defendants knew of the unsoundness of the slave, and fraudulently concealed it from the persons selected to make the division, and from the guardian of 'the plaintiffs; and, by misrepresentation and falsehood, caused them to believe that she was laboring under temporary indisposition, from want of sleep, &c., in attending at a sick bed.

*233

Without passing upon the proofs, we put this allegation out of the case; nor do we lay- any* stress upon the fact that the plaintiffs were infants, and according to Lord Coke, are not bound by the partition, unless it be equal. Coke Lit.

171

a.

The question is this: tenants in common of slaves, select commissioners who make partition; in the lot assigned to the plaintiffs is a;girl, who, at the time of the division, was unsound, having an incurable disease, called African consumption, of which she died about two months thereafter; the tenants in common, and the commissioners, had no knowledge of this unsoundness, and all supposed the girl’s indisposition to be slight and temporary, and she was valued at $400: have the plaintiffs an equity for contribution?

The plaintiffs are entitled to contribution, upon the broad ground of substantial justice, expressed in the books by the . maxim “equality is equity.” This conclusion may be supported upon two well-settled principles.

1. In partition of chattels, which is an 'equitable proceeding, a warranty is implied, not only of title, but of soundness; and the common law maxim “

caveat emptor"

has no application, being restricted (as the word “

emptor

” imports) to

salee

of chattels. In the conveyance of a fee simplcestate in land, no warranty is implied-.; because there is no tenure. In partition of land, a warranty is implied;; because ©f

th privity of estate.

In sales of chattels a warranty of title is implied’; but there is no implied warranty of -soundness, the maxim of the common law being

“emeat emptor f

because it was thought some “play” (as mechanics call it) ought to be allowed, for the chaffering and exercise of individual judgment, attendant upon the traffic in such articles when the parties are at “arm’s length,” and each is supposed to trade with his eyes open; so that in the absence of an express warranty of soundness, the purchaser of a chattel has no remedy except on the ground of deceit.. This maxim, however, was peculiar to the common law. The civil law enforced a more refined morality, and acted on the rule, in the sale of chattels, “ a sound price implies sound property.” The common law max

*234

im was

confined to sales, where, as we hare seen, the parties are supposed to he at arm’s length, and no authority or inti-, mation in tiie hoolcs can he found, that it ever was supposed to extend to eases of partition. 1 Story’s Eq. 221; 2 Kent 479; 2 Blaqkstone’s Com. 451. Upon partition, the parties are in equalijure; there is supposed to be mutual confidence by reason of the privity of estate ; and the object is to make an

equal dimisión of e, oommooifwnd.

There is no chaffering- or trafficking about it; third persons, selected by themselves, or appointed by the Court, make the division, and if the corn-anon fund is not as largo as the parties suppose, pither from defect of title, or of nnsoundness as tojiart, the loss should be borne equally; in oilier words, in partition there is an implied warranty both as to. title and soundness.

2, Where parties apt upon a mutual mistake as to a fact, Equity will relieve, for the purpose of carrying the intention .into effect, Ilere, the intention was to make a fair and equal division. Ip consequence of a mutual mistake as to a fact, i. e. the nnsoundness of one of the slaves, the division is grossly unequal; so that the share allotted to the plaintiffs, is of less value than the other shares, by more than one-third. Rood any authority be cited to, show that a Court of Equity will compel contribution in order- to set the matter right, so that the loss may be divided ? Ry way of familiar illustration :• four boys have four apples; they divide; one of the apples, although sound outside, is rotton at the core and not fit to be eaten; will the others hesitate to make their comrade, who was so unfortunate ps to get the rotten apple, equal, by each giving him a part of'their’s?

'The plaintiffs are entitled to contribution fbr the estimated value of the slave, and also for the necessary- and reasonable expenso incidental to her last illness, and for loss of service ; in regard to which there must bp a¡n account,

Recreo accordingly. PlCR CURIAM*